UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDNA PLUMMER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4483-WBV-MBN** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.** | **SECTION: D (5)** |

**ORDER AND REASONS**

Before the Court is BP's Motion for Summary Judgment, filed by defendants, BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. (collectively, "BP").[1] Defendants, Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc., have also joined in the Motion.[2] The Motion was noticed for submission on May 17, 2022. Pursuant to Local Rule 7.5, any response was due by May 9, 2022. As of the date of this Order, no opposition has been filed. Additionally, Plaintiff, Edna Plummer, has not moved for an extension of the submission date or moved for an extension of her deadline to file an opposition brief. Thus, the Motion is unopposed.

After careful review of the Motion, the record, and the applicable law, the Motion is **GRANTED** and Edna Plummer's claims against BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c., Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc. are **DISMISSED WITH PREJUDICE.**

---

[1] R. Doc. 42.
[2] *Id*. at p. 1, n.1.

I.      FACTUAL BACKGROUND

This case arises from Plaintiff Edna Plummer's alleged exposure to harmful chemicals following the Deepwater Horizon oil spill that occurred on April 20, 2010. On January 11, 2013, United States District Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement (the "MSA").[3] The MSA includes a Back-End Litigation Option ("BELO") that permits certain class members, such as clean-up workers who follow procedures outlined in the MSA, to sue BP for Later-Manifested Physical Conditions ("LMPC's").[4] The MSA defines a LMPC as a:

> physical condition that is first diagnosed in a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER after April 16, 2012, and which is claimed to have resulted from ... exposure to oil, other hydrocarbons, or other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or exposure to dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES, where such exposure occurred on or prior to … April 16, 2012 for CLEAN-UP WORKERS.[5]

After opting out of the MSA, Plummer filed an individual Complaint on May 1, 2017 against BP, Transocean Holdings LLC, Transocean Deepwater Inc., Transocean Offshore Deepwater Drilling Inc., and Halliburton Energy Services, Inc. (collectively, "Defendants").[6] Plummer alleges that after the Deepwater Horizon oil spill, she was injured as a result of exposure to oil and/or dispersing chemicals and/or

---

[3] *See, Brown v. BP Expl. & Prod. Inc.*, Civ. A. No. 18-9927, 2019 WL 2995869, at *1 (E.D. La. July 9, 2019) (citation omitted) (Africk, J.).
[4] *Id.*
[5] *Id.*
[6] R. Doc. 1 at ¶¶ 1-8.

decontaminants by virtue of her environment.[7] Plummer alleges that her symptoms include headaches, skin irritation (face), difficulty breathing, burning and watery eyes, coughing, nausea, and abdominal pain as a result of continuous exposure in and around her residence at 3305 Spruce Street, Pascagoula, Mississippi beginning in April 2010.[8] Plummer further alleges that she suffered personal injury damages, including economic, income, property, and compensatory damages, and past and future medical expenses and pain and suffering, as a result of the defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction, or operation regulations and/or statutes.[9]

On October 18, 2021, with leave of Court, Plaintiff filed an Amended Complaint.[10] In her Amended Complaint, Plaintiff asserts that "Although Plaintiff opted out of the Class Settlement, or was excluded as a class member, the statements and declarations submitted by BP to support its motion to approve the settlement constitute judicial admissions or statements binding on the BP Defendants for purposes of this case."[11] Plaintiff then refers to a Specified Physical Conditions Matrix that "accounts for medical conditions that reasonably could arise from exposure to oil, other hydrocarbons, or other substances released from the MC252 well and/or Deepwater Horizon and its appurtenances, as well as exposure to

---

[7] R. Doc. 1 at ¶ 1 (adopting allegations in Edna Plummer's Direct Filing Short Form in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" SHORT-FORM JOINDERS*, Civ. A. No. 10-8888-CJB-JCW (E.D. La.) (the "*BP Litigation*") as well as adopting and incorporating all matters originally pled in the B3 First Am. Master Complaint, (ECF 1805-1).
[8] Exhibit A of R. Doc. 1.
[9] *Id.* and R. Doc. 1 at ¶ 21.
[10] R. Doc. 32.
[11] *Id.*

dispersants or decontaminants used during the Response Activities."[12] Plaintiff further points to a Declaration of Dr. Jessica Herzstein apparently introduced in the previous litigation which stated that medical literature supported the inclusion of the conditions listed on the Matrix.[13]

Defendants filed the instant Motion on May 2, 2022, asserting that they are entitled to summary judgment because Plummer has not produced an expert report or any expert testimony in support of her complaints and, thus, cannot prove that her alleged medical conditions were caused by her exposure to substances related to the Deepwater Horizon oil spill.[14] Defendants claim that the Fifth Circuit and at least eleven Sections of this Court have issued numerous opinions addressing the obligation of a BELO plaintiff to prove legal causation.[15] According to Defendants, this requirement derives from the fundamental principles governing proof of causation in toxic tort cases decided under general maritime law.[16] Defendants claim that B3 plaintiffs like Plummer, who were originally part of the multidistrict litigation stemming from the Deepwater Horizon oil spill, must satisfy the same legal cause standard as BELO plaintiffs.[17] Defendants further assert that due to the technical nature of the proof, courts have uniformly concluded that toxic tort plaintiffs need expert testimony to meet their burden of proving causation.[18] Defendants claim that courts have repeatedly granted summary judgment dismissing claims of

---

[12] *Id.,* quoting MDL. Rec. Doc. 6267-1 at 15.
[13] R. Doc. 32.
[14] R. Doc. 42.
[15] R. Doc. 42-1 at p. 4 (citing authority).
[16] *Id.* (citations omitted).
[17] *Id.* at pp. 2 & 4.
[18] *Id.* at p. 5 (citing *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194 (5th Cir. 1996)).

plaintiffs who alleged injuries from exposure to the Deepwater Horizon oil spill, but failed to produce expert support for their claims.[19] Defendants argue that, for these reasons, Plummer's claims lack the expert support required to carry her burden of proof on causation. As such, Defendants assert that the Court should grant their Motion and dismiss Plummer's claims with prejudice.

Plummer did not file a response to the Motion.[20]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 instructs that summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[21] No dispute of material fact exists if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party.[22] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[23] While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[24] The mere argued existence of a factual

---

[19] R. Doc. 42-1 at p. 5 (citations omitted).
[20] The Court notes that Plummer also failed to comply with the Scheduling Order by failing to file a witness list by the May 9, 2022 deadline, or requesting any extension to do so. *See,* R. Doc. 33 at p. 2.
[21] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).
[22] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).
[23] *Delta & Pine Land Co.*, 530 F.3d at 398-99 (citations omitted).
[24] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

dispute does not defeat an otherwise property supported motion.[25] The non-moving party must do more than simply deny the allegations raised by the moving party, and must tender depositions, affidavits, and other competent evidence to buttress his claim.[26]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[27] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[28] If, however, the non-moving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim.[29] The burden then shifts to the non-moving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[30]

---

[25] *Anderson*, 477 U.S. at 248, 106 S.Ct. 2510.
[26] *See Donaghey v. Ocean Drilling & Expl. Co.*, 974 F.2d 646, 649 (5th Cir. 1992) (citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)).
[27] *Int'l Shortstop, Inc.*, 939 F.2d at 1264-65.
[28] *Id.* at 1265.
[29] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
[30] *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (*quoting* Fed. R. Civ. P. 56(e)).

## III.  ANALYSIS

As Defendants correctly point out,[31] Judge Barbier previously described the BELO and B3 cases in similar terms, explaining that:

> BELO cases and the B3 cases are similar in several important respects. Both allege personal injuries or wrongful death due to exposure to oil or other chemicals used during the oil spill response.  Furthermore, both BELO plaintiffs and B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response.[32]

In a separate matter, this Court recently explained that the Fifth Circuit and at least numerous other Sections of this Court have uniformly held that, with regard to BELO plaintiffs, "[a]bsent expert testimony, [a BELO plaintiff] cannot meet his burden of proof on causation."[33] "In a toxic tort suit such as this one, the plaintiff must present admissible expert testimony to establish general causation as well as specific causation."[34] "Courts use 'a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is *general causation*. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible *specific-causation* evidence.'"[35] "General causation is whether a substance

---

[31] *See* R. Doc. 40-1 at p. 2.
[32] *See* R. Doc. 26924 at p. 4 in *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179-CJB-DPC (E.D. La.).
[33] *Dixon v. BP Expl. & Prod., Inc.*, Civ. A. No. 20-3272-WBV-JVM, 2022 WL 124026, at *3 (E.D. La. Jan. 13, 2022) (Vitter, J.) (*quoting* R. Doc. 35 in *Bucano v. BP Expl. & Prod. Inc., et al.*, Civ. A. No. 19-13185 (E.D. La. Aug. 4, 2021)); *See, McGill v. BP Expl. & Prod. Inc.,* Case No. 19-60849, 830 Fed.Appx. 430 (5th Cir. 2020). *See also,* footnotes 7 and 11 in Defendants' Motion, R. Doc. 42-2.
[34] *Cibilic v. BP Exploration & Production*, Civ. A. No. 15-995, 2017 WL 1064954 (E.D. La. March 21, 2017)(quoting *Seaman v. Seacor Marine LLC*, 564 F. Supp. 2d 598, 600 (E.D. La. 2008), aff'd sub nom. *Seaman v. Seacor Marine L.L.C.*, 326 Fed.Appx. 721 (5th Cir. 2009).
[35] *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 722 (5th Cir. 2009) (quoting *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007) (emphases added in *Seaman*)).

is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury."[36] Plaintiff has not disclosed the name of any expert from which she intends to elicit an opinion on causation, nor has she provided any expert reports. While Plaintiff has failed to oppose this motion or put forth any evidence that she may have to prove causation, Plaintiff's Amended Complaint appears to seek judicial admission of a Declaration by Dr. Jessica Herzstein which stated that "medical literature supports the inclusion of the conditions listed on the [Specified Physical Conditions] Matrix" and then alleges that the Matrix "accounts for medical conditions that reasonably could arise from exposure to oil, other hydrodocarbons, or other substances released from the MC252 Well and/or Deepwater Horizon and its appurtenances, as well as exposure to dispersants or decontaminants used during the Response Activities."[37] While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[38] Such is the case here. Drawing all reasonable inferences in favor of Plaintiff, the Court finds Plaintiff has failed to meet her burden to prove causation. Plaintiff, in her Amended Complaint, has alleged that certain conditions *could* arise from exposure to contaminants, but the Complaint and Amended Complaint are absolutely silent regarding any causation of *Plaintiff's* alleged injuries. As explained by another section of this Court, "With

---

[36] *Id.* (quoting *Knight*, 482 F.3d at 351).
[37] R. Doc. 32.
[38] *Delta & Pine Land Co.*, 530 F.3d at 398-99 (citations omitted) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

respect to general causation, '[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case.'"[39] Thus, again, while drawing all reasonable inference in favor of Plaintiff, Plaintiff has still failed to provide even a scintilla of evidence to prove specific-causation. The Court finds that because Plummer failed to identify a causation expert in this case by the Court's April 7, 2022 deadline and did not move for an extension of that deadline, or for an extension of her deadline to respond to the instant Motion, and has failed to provide evidence to defeat summary judgment, she cannot meet her burden of proof on causation for her alleged injuries. Accordingly, Defendants are entitled to summary judgment as a matter of law.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that BP's Motion for Summary Judgment[40] is **GRANTED,** and Edna Plummer's claims against BP Exploration & Production, Inc., BP America Production Company, BP p.l.c., Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Holdings, LLC, and Transocean Deepwater, Inc. are **DISMISSED WITH PREJUDICE.**

New Orleans Louisiana, June 6, 2022.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[39] *Murphy v. BP Exploration & Production, Inc.,* Civ. A. No. 13-1031, 2022 WL 1460093 (E.D. La. May 9, 2022).
[40] R. Doc. 42.